IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN EDWARD HALL, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-CV-725-G |
| ) | |
| LORIE DAVIS, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I. Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for murder, enhanced. *State of Texas v. John Edward Hall*, No. F08-63139-W (363rd Dist. Ct., Dallas County, Tex., Oct. 29, 2009). Petitioner was sentenced to seventy years in prison. On April 11, 2011, the Fifth District Court of Appeals affirmed Petitioner's conviction and sentence. *Hall v. State*, No. 05-09-01368-CR, 2011 WL 1348635 (Tex. App. – Dallas, 2011, pet. ref'd).

On September 2, 2014, filed a state habeas petition requesting permission to file an out-of-time petition for discretionary appeal (PDR). *Ex parte Hall*, No. 82,314-01. On November

19, 2014, the Court of Criminal Appeals granted Petitioner leave to file an out-of-time PDR. On April 22, 2015, the Court of Criminal Appeals refused the PDR.

On February 27, 2015, Petitioner filed a second state habeas petition. *Ex parte Hall*, No. 82,314-02. On June 24, 2015, the Court of Criminal Appeals denied the petition without written order. On December 3, 2015, Petitioner filed a third state habeas petition. *Ex parte Hall*, No. 82,314-03. On February 3, 2016, the Court of Criminal Appeals dismissed the petition as successive.

On March 9, 2016, Petitioner filed the instant § 2254 petition. He argues:

1. His third state habeas proceeding was inadequate because he was denied a hearing;

2. He received ineffective assistance of counsel when counsel failed to request a lesser-included offense instruction; and

3. He received ineffective assistance of counsel when counsel failed to properly investigate and call witnesses, and failed to request an impeachment instruction.

On June 28, 2016, Respondent filed her answer. On August 2, 2015, Petitioner filed a reply. The Court finds the petition should be denied.

## II. Discussion

**1.    Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.     Procedural Bar**

Respondent argues that Petitioner's ineffective assistance of counsel claims, (Claims 2 and 3), are procedurally barred because these claims were dismissed in a successive state habeas petition as procedurally barred.

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *Id*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

In this case, Petitioner raised his ineffective assistance of counsel claims in his third state habeas petition. The Court of Criminal Appeals dismissed the third habeas petition as successive to Petitioner's second habeas petition. The state habeas court found the claims procedurally barred because Petitioner was prohibited from raising claims in his third habeas petition that could have been raised in his second habeas petition. *Ex parte Gladney* at 99-100 (citing *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007)).

To overcome the procedural bar, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has shown no cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner argues his claims should not procedurally barred because the Court of Criminal Appeals should not have considered his second state habeas on the merits because his PDR was still pending at the time. Petitioner's argument, however, does not state why he did not file his ineffective assistance of counsel claims in his second state habeas petition which was considered on the merits. The Court of Criminal Appeals determined that Petitioner's third habeas petition was successive because of Petitioner's failure to raise his claims in his second habeas petition, when he could have done so. Petitioner has failed to show cause for his failure to raise his ineffective assistance of counsel claims in his second state habeas petition.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635,

644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

**3.   State Hearing**

Petitioner argues the state habeas proceeding was inadequate when the court failed to hold a hearing on his third state habeas petition. Petitioner's claims regarding the state habeas process do not state a claim for federal habeas relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) ("infirmities in the state habeas process do no constitute grounds for relief in federal court"). Petitioner's claim should be denied.

**4.   Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**III. Recommendation**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 10th day of May, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).