IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN EDWARD HALL, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:16-cv-0725-G (BT) |
| § | |
| LORI DAVIS DIRECTOR, § | |
| TDCJ-CID, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

John Edward Hall, a Texas prisoner, filed a *pro se* motion to file a second or successive petition pursuant to 28 U.S.C. §§ 2244 and 2254. (ECF No. 27.) The District Court referred the motion to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Hall's motion.

I.

On March 9, 2016, Hall filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The United States magistrate judge entered findings and conclusions, recommending that Hall's petition be denied with prejudice for failure to make a substantial showing of the denial of a federal right. On June 27, 2017, the District Court denied the petition with prejudice, entered judgment, and denied Hall a certificate of appealability.

Almost four years later, on June 18, 2021, the Court received Hall's motion to file a second or successive petition pursuant to 28 U.S.C. §§ 2244 and 2254. In it, he argues:

> (1) his trial attorney deprived him of access to the court by failing to turn over his case files when requested;
>
> (2) the habeas corpus court violated his constitutional right to due process and access to the court and abused its discretion under a presumption of correctness;
>
> (3) his trial attorney failed to attack the indictment and object to the jury charge;
>
> (4) his trial attorney provided ineffective assistance of counsel by failing to investigate and pursue affirmative defenses and the lesser offense of manslaughter;
>
> (5) his trial attorney failed to challenge the prior conviction used to enhance his conviction and failed to communicate any plea bargains; and
>
> (6) his appellate attorney provided ineffective assistance of counsel by failing to comply with his request to turn over his case files and pursue manslaughter.

II.

"[The Anti-Terrorism and Effective Death Penalty Act (AEDPA)] requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file 'a second or successive' petition for relief in the federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) (footnotes omitted); *accord* 28 U.S.C. § 2244(b)(3)(A); *see also Montgomery v. Goodwin*, 841 F. App'x 700, 703 (5th Cir.

2021); *Nowland v. Director*, 2021 WL 2653529, at *2 (N.D. Tex. May 25, 2021). "Indeed, the purpose of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1988)). A § 2254 petition is not second or successive just because it follows an earlier petition. *Cain*, 137 F.3d at 235; *see also Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012). Rather, a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Cain*, 137 F.3d at 235. "[A]n application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 773 n.7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)). A petitioner seeking authorization to file a second or successive petition must seek that authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A).

Here, this Court adjudicated Hall's first § 2254 petition on the merits on June 27, 2017. The claims Hall seeks to bring in a second or successive § 2254 petition could have been brought in his first § 2254 petition, and he now seeks authorization from this Court to file a second or successive petition. However, Hall has already exercised his "one fair opportunity to seek federal habeas relief from

his conviction." *See Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020). Therefore, Hall's request to file a second or successive § 2254 petition from this Court is misplaced, and he must seek authorization from the Fifth Circuit Court of Appeals. Because this Court lacks jurisdiction over Hall's motion, the Court should dismiss it.

### III.

For the foregoing reasons, the Court should DISMISS Hall's motion without prejudice to his right to file a motion for authorization to file a second or successive application in the Fifth Circuit Court of Appeals.

For statistical purposes, the Clerk of Court is directed to open and close a case under 28 U.S.C. § 2254 (Nature of Suit 530) directly assigned to the same Magistrate Judge and District Judge.

Signed August 2, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).