IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN EDWARD HALL, #1608233 | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:16-cv-00725-G-BT |
| LORIE DAVIS-DIRECTOR TDCJ-CID, | § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

John Edward Hall, a Texas prisoner, has filed an "Applicant Motion Of Leave For Relief From Final Judgment Under Federal Rule [of] Civil Procedure 60(b)" (ECF No. 34). The District Court referred the motion to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons stated, the District Court should DENY Hall's motion.

I.

In 2016, Hall filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, in which he challenged his 2009 murder conviction and 70-year sentence. The magistrate judge issued findings and conclusions, recommending that Hall's petition be "denied with prejudice for failure to make a substantial showing of the denial of a federal right." FCR (ECF No.

1

17). On June 27, 2017, the District Court accepted the magistrate judge's findings and recommendation, entered judgment, and denied a certificate of appealability (COA). Ord. (ECF No. 21); J. (ECF No. 22).

Hall appealed to the Fifth Circuit Court of Appeals, but the Fifth Circuit dismissed the appeal for lack or jurisdiction. (ECF No. 24.) The Fifth Circuit also denied Hall's request for a COA to appeal the District Court's denial of his § 2254 petition. (ECF No. 26.) In June 2021, Hall filed a motion seeking leave to file a second or successive petition. (ECF No. 27.) The magistrate judge issued findings and conclusions, recommending the Court dismiss Hall's motion without prejudice to his right to file a motion seeking such authorization in the Fifth Circuit. FCR (ECF No. 28). The District Court accepted the magistrate judge's findings and recommendation. (ECF No. 29).

Hall filed the pending motion on August 1, 2022. (ECF No. 34). In it, he argues that the Court should reopen his § 2254 petition "because the integrity of that previous federal habeas proceeding was affected by [an] erroneous state habeas record" and amounted to "reversible error." Mot. 4 (ECF No. 34). Hall further argues that the Court "abuse[d] its discretion" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Id*. Specifically, he contends that the Court lacked jurisdiction over his § 2254 case, and the denial of his petition with prejudice resulted in a "void judgment[ ]." *Id*. at 5. Hall moves for the Court to reopen his § 2254 petition

2

under Federal Rule of Civil Procedure 60(b)(1), (4) and (5) and remand the case back with "instructions to answer [his] "const.' claim on the merits." *Id.* at 6. He also moves for a "reversal" of the Court's order from "denial with prejudice" to "dismissal with prejudice." *Id.* at 6. Hall concludes that if the Court refuses to grant his motion, it will be an "'abuse [of] its discretion' of legal conclusion." *Id.* at 5 (quoting *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007)).

## II.

The Court evaluates a motion seeking reconsideration of a prior ruling either as a motion under Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The Court determines the applicable rule based on when the motion is filed. *Id.* If the movant filed the motion within twenty-eight days after the entry of judgment, the Court considers the motion under Rule 59, and if movant filed the motion beyond that time period, the Court analyzes it under Rule 60. *Id.* Here, Hall filed his motion on August 1, 2022, more than five years after the Court entered its judgment on June 27, 2017. Therefore, the Court considers Hall's motion under Rule 60(b).

When a motion for relief from judgment seeks to advance one or more substantive habeas claims or attacks a federal court's previous resolution of a claim *on the merits*, it is a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005) (concluding that a true Rule 60(b)

3

motion challenges: (1) a procedural ruling, or (2) a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack); *see also Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that challenges the court's failure to reach the merits of the habeas petition is properly evaluated under Rule 60(b). *See Gonzalez*, 545 U.S. at 538. To the extent that the petitioner challenges the integrity of the habeas proceeding, the motion is not the equivalent of a successive petition, and the court can therefore review the claims under Rule 60(b). *Id.* at 532 & n.4; *see also Garrison v. United States*, 2021 WL 4265767, at *1 (N.D. Tex. Sept. 20, 2021). Likewise, when a motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," it is a Rule 60(b) motion. *Storey v. Lumpkin*, 8 F.4th 382, 388 (5th Cir. 2021) (quoting *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014)).

  In 2017, the Court did not address the merits of Hall's § 2254 petition. Rather, The Court found that Hall's second and third claims were procedurally barred, and his first claim failed to state a basis for federal habeas relief. The Court construes Hall's pending motion as filed under Rule 60(b), not as a successive § 2254 petition. *See Storey*, 8 F.4th at 388.

  Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

   (1)   mistake, inadvertence, surprise, or excusable neglect;

   (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

   (4)   the judgment is void;

   (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

   (6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018), *rec. accepted*, 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

### III.

Hall's motion should be denied because his arguments are meritless, and he has not shown any mistake in the judgment or any other reason to grant relief from the judgment. Hall summarily argues that the previous proceedings in this Court were affected by an "erroneous state habeas record" which caused "reversible error." Mot. 4 (ECF No. 34). Hall concludes that the

"integrity" of his proceedings was impacted, and the Court had "no jurisdiction to review" his petition. *Id.* at 4-5. Hall also seems to argue that the Court should have dismissed, as opposed to denied, his petition because there was not a determination on the merits. Assuming, without deciding, that Hall is correct, any error by the Court in "denying" rather than "dismissing" his petition was harmless. *See Bruning v. Attmore,* 2022 WL 885123, at *2 (5th Cir. Mar. 25, 2022) (per curiam) (finding the district court's application of the wrong standard to the motion for reconsideration was "harmless" because the motion presented no valid reason for the court to reconsider its prior decision). Likewise, Hall has failed to explain how he could have been harmed by the alleged error by the Court. *See Cabral v. Brennan,* 853 F.3d 763, 766 (5th Cir. 2017) (finding the plaintiff-appellant failed to demonstrate how he was harmed by a procedural error, and he was therefore not entitled to reversal on procedural grounds). Each of Hall's claims is frivolous and lack merit. Consequently, he has failed to demonstrate there was any mistake in the judgment or any other reason to grant relief from the judgment.

## Recommendation

The Court recommends the District Court DENY Hall's Rule 60(b) motion (ECF No. 34).

Signed November 28, 2022.

                              REBECCA RUTHERFORD
                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).