IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN EDWARD HALL, #1608233, Petitioner, | § § § § | |
| v. | § § | No. 3:16-cv-00725-G-BT |
| LORIE DAVIS, DIRECTOR TDCJ-CID, Respondent. | § § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a motion by John Edward Hall to proceed *in forma pauperis* on appeal (ECF No. 41). For the following reasons, the District Court should deny Hall's motion.

I.

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether

1

good faith exists "is limited to whether the appeal involves legal points arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

II.

Hall initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 3.) Hall raised three arguments, and the magistrate judge recommended the petition be denied with prejudice for failure to make a substantial showing of the denial of a federal right. FCR (ECF No. 17). Hall did not file any objections. On June 27, 2017, the District Court accepted the recommendation, denied a certificate of appealability (COA), and entered judgment. Ord. (ECF No. 21); J. (ECF No. 22).

On August 1, 2022, Hall filed a motion under Federal Rule of Civil Procedure 60(b). (ECF No. 34.) The magistrate judge found Hall's claims were frivolous and lacked merit and recommended the Rule 60(b) motion be denied. FCR (ECF No. 35). Hall filed objections. (ECF No. 36.) On December 21, 2022, the District Court overruled Hall's objections, accepted

the magistrate judge's recommendation, and denied a COA. Ord. (ECF No. 38).

At that time, the District Court found Hall failed to show that "reasonable jurists would find this Court's 'assessment of the constitutional claims debatable or wrong,'" "reasonable jurists would find 'it debatable whether the petition state[d] a valid claim of the denial of a constitutional right,'" or "debatable whether [this Court] was correct in its procedural ruling." *Id.* at 2 (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).

On January 4, 2023, Hall filed a notice of appeal, seeking to challenge the District Court's December 21, 2022 decision to deny his Rule 60(b) motion. (ECF No. 38.) As noted, the District Court previously concluded Hall's Rule 60(b) claims were frivolous and lacked merit. The District Court also concluded Hall failed to demonstrate there was any mistake in the judgment or any other reason to grant relief from the judgment. Finally, the District Court denied a COA. For the same reasons, Hall's current appeal presents no legal point of arguable merit, and it would be frivolous. *See Howard*, 707 F.2d at 220.

### III.

The District Court should find Hall's appeal is not taken in good faith and DENY his motion for leave to proceed *in forma pauperis* on appeal.

If the District Court denies Hall's request to proceed *in forma pauperis* on appeal, he may challenge that finding by filing a separate

3

motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit within 30 days from the date of this order. *See* Baugh, 117 F.3d at 202; *see also* Fed. R. App. P. 24(a)(5).

Signed January 13, 2023.

　　　　　　　　　　　　　　　　　　　　　　
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

　　A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).